# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BEVERLY MARIE ROBERTS, | Case No. 2:16-CV-1232 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| NANCY A. BERRYHILL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 29). Defendant Carolyn W. Colvin ("defendant") filed a response (ECF No. 30), to which plaintiff Beverly Marie Roberts ("plaintiff") replied (ECF No. 31).

Also before the court is plaintiff's motion to remand to the Social Security Administration. (ECF No. 24). Defendant filed a response (ECF No. 24), to which plaintiff replied (ECF No. 28).

Also before the court is defendant's motion for summary judgment. (ECF No. 27). Plaintiff filed a response (ECF No. 28). Defendant has not filed a reply, and the time to do so has passed.

**I.    Facts**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

**James C. Mahan**
**U.S. District Judge**

LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III.   Discussion

Magistrate Judge Foley's R&R holds that (1) the administrative law judge ("ALJ") erred in considering plaintiff's failure to receive medical treatment for her symptoms during a period of time in which she did not have health insurance as support for her finding that plaintiff's impairments were not "severe," (2) the ALJ erred in rejecting the credibility of plaintiff's testimony regarding the severity of her impairments under "step two" of her analysis, and (3) the ALJ erred in rejecting the credibility of plaintiff's testimony regarding the severity of her impairments under "step four" of her analysis. (ECF No. 29). Accordingly, Magistrate Judge Foley recommends that the case be remanded for further administrative determination as to whether plaintiff was disabled within the meaning of the Social Security Act. *Id.*

Defendant objects to Magistrate Judge' Foley's R&R, arguing that he "misinterpreted the ALJ's findings and improperly reweighed the evidence." (ECF No. 30). Specifically, defendant argues that the ALJ's findings were supported by the objective medical evidence, and thus that his determination that plaintiff had a "non-severe" impairment under the meaning of the Social Security Act was supported by "substantial evidence of record." *Id.*

A federal court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). The Ninth Circuit has defined substantial evidence as "more than

a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Woish v. Apfel*, 2000 WL 1175584 (N.D. Cal. 2000) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see also Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001).

The Court must look to the record as a whole and consider both adverse and supporting evidence. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Where the factual findings of the Commissioner of Social Security are supported by substantial evidence, the District Court must accept them as conclusive. 42 U.S.C. § 405(g). Hence, where the evidence may be open to more than one rational interpretation, the Court is required to uphold the decision. *Moore v. Apfel*, 216 F.3d 864, 871 (9th Cir. 2000) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)). *See also Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court may not substitute its judgment for that of the ALJ if the evidence can reasonably support reversal or affirmation of the ALJ's decision. *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

The court now conducts a *de novo* review of the portions of Magistrate Judge Foley's R&R to which defendant objects. *See* 28 U.S.C. § 636(b)(1).

### a. *Plaintiff's failure to receive medical treatment for her symptoms*

At "step two" of the ALJ's analysis, the ALJ is tasked with determining whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR § 404.1520(c); 20 CFR § 416.920(c). (ECF No. 20-1). The parties do not dispute that the ALJ found that plaintiff has two medically determinable impairments: DeQuervain's tenosynovitis, which causes plaintiff pain in her right hand and wrist, and Hepatitis C. (ECF No. 20-1 at 28).

However, based in part upon the ALJ's finding that plaintiff had "not generally received the type of medical treatment one would expect for a totally disabled individual," the ALJ ultimately concluded that plaintiff's impairments were not "severe" under the meaning of the Social Security Act, and therefore that plaintiff was not entitled to benefits. *Id.* at 31.

Defendant objects to Magistrate Judge Foley's finding that the ALJ erred in considering plaintiff's failure to seek regular medical treatment for her symptoms. (ECF No. 30). However,

it is well-settled in the Ninth Circuit that a claimant's "failure to receive medical treatment during the period that he had no medical insurance cannot support an adverse credibility finding." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The parties do not dispute that plaintiff did not have medical insurance during the relevant time-frames. (ECF No. 30); (ECF No. 20-1 at 73).

Therefore, to the extent that the ALJ considered plaintiff's "relatively infrequent trips to a doctor for the allegedly disabling symptoms" as support for her finding that plaintiff's impairments were not "severe," the ALJ acted in error. Insofar as the R&R supports this holding, the court hereby adopts Magistrate Judge Foley's R&R. (ECF No. 29). However, because the ALJ set forth a number of reasons for discrediting plaintiff's testimony regarding the severity of her impairments, the court will continue its analysis with respect to defendant's objections to the R&R.

### b. *The credibility of plaintiff's testimony under "step two"*

In further support of her "step two" findings, the ALJ found that plaintiff's allegations regarding the "intensity, persistence and limiting effects of her symptoms are not generally credible." (ECF No. 20-1 at 31). The ALJ noted that plaintiff's "allegations of debilitating and limiting physical symptoms are inconsistent with the objective medical evidence, which can indicate an attempt by the claimant to exaggerate the severity of her symptoms." *Id.* Moreover, the ALJ noted that plaintiff's testimony with respect to the severity of her impairments was inconsistent with her testimony about her daily living activities, which indicated that plaintiff was capable of performing a wider array of physical activities than would be expected of a person with her alleged impairments. *Id.*

In making this determination, the ALJ compared plaintiff's testimony regarding the severity of her limitations with various tests and examinations conducted by multiple physicians, as well as plaintiff's own testimony with respect to her daily activities. (ECF No. 20-1 at 31–35). The ALJ must, however, provide specific, cogent reasons for disbelieving the claimant's testimony when a medical impairment has been established. If there is no affirmative evidence

of malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Orn*, 495 F.3d at 635; *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

Magistrate Judge Foley found that the ALJ's "reasons for rejecting the credibility of [p]laintiff's testimony based on her activities of daily living also fall short of being clear and convincing." (ECF No. 29). Defendant objects to the R&R as to this point, arguing that the ALJ also considered the "equivocal nature of the objective evidence" in addition to plaintiff's own testimony in making her determination. (ECF No. 30).

The court finds that there are two issues to be resolved with respect to this portion of the R&R and defendant's objection thereto: first, the court must determine the propriety of the ALJ's consideration of the "objective medical evidence," and second, the court must determine the propriety of the ALJ's consideration of plaintiff's testimony regarding her daily living activities.

First, while an ALJ may not consider lack of medical evidence as the *sole* basis for discounting pain testimony, "it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Therefore, insofar as the ALJ considered other permissible factors in determining that plaintiff's impairments were not "severe" under the Social Security Act, her consideration of the objective medical evidence was not in error.

Second, an ALJ is permitted to consider daily living activities in his or her credibility analysis. However, to do this, the ALJ must make specific findings related to those activities. *Id. See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work).

In considering plaintiff's daily living activities, the ALJ made the following findings:

> The claimant alleged her daughter performs the household cleaning. However, the claimant acknowledged that some days she is able to wipe countertops, make her bed, and fold laundry. She claimed she sometimes experiences pain symptoms when she performs the aforementioned household chores. She contended she sometimes has to stop and take a rest break while performing household chores. She alleges these rest breaks last for one and one half to two hours. . .
>
> The claimant attempted to minimize her daily activities. Despite her alleged symptoms and limitations, she described activities of daily living, which are not limited to the extent one would expect, given the claimant's complaints of

James C. Mahan
U.S. District Judge

> disabling symptoms and limitations. The claimant maintained she experiences hand pain and has difficulty holding onto items. However, the claimant testified she remains capable of the following: she is able to care for her personal hygiene needs, such as her hair; she is able to prepare herself meals; she can perform household chores, such as wiping countertops, making her bed, and folding laundry; and she is able to hold onto a steering wheel and drive herself to run errands. . . I find the claimant's ability to participate in the aforementioned activities undermines the credibility of the claimant's allegations of disabling functional limitations.

(ECF No. 20-1 at 31–32).

The Ninth Circuit has held that even where evidence of a claimant's daily activities "may also admit of an interpretation more favorable to [the claimant]," so long as the ALJ's interpretation is rational, the court must uphold the ALJ's decision. *Burch*, 400 F.3d at 681.

The court finds that the ALJ's interpretation of plaintiff's testimony with respect to her daily living activities was rational. Moreover, because the ALJ properly considered plaintiff's daily living activities along with the objective medical evidence (such that the objective medical evidence was not the sole factor considered), the court finds that the ALJ's "step two" determination was not made in error.

Indeed, the court finds these factors lend clear and convincing support to the ALJ's determination that plaintiff's testimony regarding the severity of her impairments was not fully credible. Although the ALJ improperly considered plaintiff's failure to seek medical treatment during a period of time when she did not have health insurance, the ALJ also relied upon no fewer than nine separate physical examinations and diagnostic tests conducted by various physicians, all of which produced "unremarkable" or "normal" results with respect to plaintiff's right hand and wrist. (ECF No. 20-1 at 31–34) (reciting the results of four physical examinations, three x-rays, and two electromyograms).

The court finds that these tests, when considered in light of plaintiff's own testimony regarding her daily living activities, serve as "clear and convincing" reasons for rejecting plaintiff's testimony regarding the severity of her impairments. *See Orn*, 495 F.3d at 635. Therefore, insofar as the R&R finds that the ALJ "did not have substantial evidence to support her finding" that plaintiff did not have a severe impairment at "step two" of her analysis, the court hereby rejects Magistrate Judge Foley's R&R. (ECF No. 29).

### c. *The credibility of plaintiff's testimony under "step four"*

At "step four" of the ALJ's analysis, the ALJ is tasked with determining whether the claimant has the residual functional capacity to perform the requirements of her past relevant work. 20 CFR § 404.1520(e), 404.1545, 416.920(e), 416.945. Using the same reasoning she set forth in support of her "step two" findings, the ALJ made an alternate finding at "step four" that plaintiff has the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she would need the opportunity to change position at the workstation once every two hours, otherwise she needs only regular, normal breaks in the mid-morning, for lunch, and in the afternoon, as required by state and/or federal labor laws." (ECF No. 20-1 at 35).

Magistrate Judge Foley concluded that because the ALJ relied on the same reasoning to support her findings at "step four" that she relied upon at "step two," the "grounds for her assessment were not proper findings." (ECF No. 29 at 19). However, because the court rejects the R&R insofar as it concludes that the ALJ's "step two" findings were made in error, it must also necessarily reject the R&R to the extent that it predicates its "step four" findings on the same reasoning. (ECF No. 29).

### d. *Summary*

The court finds that the ALJ erred in considering plaintiff's failure to seek consistent medical treatment for her symptoms during a period of time when she did not have health insurance as support for her determination that plaintiff's impairments were not "severe" under the Social Security Act. Such considerations are contrary to Ninth Circuit precedent. *See Orn*, 495 F.3d at 638. However, the court finds that the ALJ properly considered the lack of objective medical evidence of a severe impairment, as well as evidence of plaintiff's daily living activities in determining that plaintiff's impairments are not "severe" under the Social Security Act. *See Burch*, 400 F.3d at 681.

Nevertheless, where one of the ALJ's reasons supporting his adverse credibility finding are invalid, the court must determine whether the ALJ's reliance on such reasons was harmless error. *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008). The Ninth Circuit has

held that so long as "there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate [credibility] conclusion, such is deemed harmless and does not warrant reversal." *Id.* (citations omitted).

The court finds that the ALJ's decision was supported by substantial evidence in the record, including her own findings with respect to the credibility of plaintiff's pain testimony and numerous physical examinations and tests which revealed that plaintiff's wrist showed no significant abnormality to substantiate her claims of having a "severe" impairment. (ECF No. 20-1 at 29–35).

Therefore, the court will adopt in part and reject in part Magistrate Judge Foley's R&R, consistent with the foregoing. (ECF No. 29). The court will also deny plaintiff's motion to remand to the Social Security Administration (ECF No. 24), and grant defendant's cross-motion for summary judgment. (ECF No. 27).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Foley's R&R (ECF No. 29) be, and the same hereby is, ADOPTED in part and REJECTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 27) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to remand to the Social Security Administration (ECF No. 24) be, and the same hereby is, DENIED.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED February 27, 2019.

_____
UNITED STATES DISTRICT JUDGE